IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT CHARLES ANTHONY  )
KING,                    )
                         )
            Plaintiff,   )
                         )
      v.                 )        1:23-CV-730
                         )
MR. DICKERSON and MR. PHILLIP, )
                         )
            Defendants.  )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This is a § 1983 case brought by Plaintiff Robert Charles Anthony King, regarding an incident on January 7, 2022, when Plaintiff was a pre-trial detainee at the Alamance County Detention Center. The Court interprets Plaintiff's Complaint as asserting claims for violation of his due process rights under the Fourteenth Amendment based on alleged use of excessive force by individuals that Plaintiff contends were "maintenance men" who did not have authority to maintain order or discipline. Plaintiff contends that after a search of his cell, Plaintiff approached a trash can to retrieve family pictures, but Defendants, who were maintenance men at the facility, kicked Plaintiff in the knee and hit his hand with their fists, causing permanent damage that required extended treatment including surgery. Plaintiff alleges that the actions were not justified, and that Defendants used excessive force to cause harm rather than keep order. The Court allowed the case to proceed after screening.

Rather than filing an Answer, Defendants Dickerson and Phillips have filed a Motion to Dismiss, contending that the Complaint "fails to sufficiently allege Defendants violated Plaintiff's Fourteenth Amendment rights because the force used was reasonable in the circumstances." (Defs.'s Mot. to Dismiss [Doc. #11] ¶ 2.) Defendants also contend that they are entitled to qualified immunity. (Defs.'s Mot. to Dismiss ¶ 3.) In support of the Motion to Dismiss, Defendants rely on a Declaration and a facility incident report, which sets out the statements of Defendant Dickerson and Defendant Phillips. Relying on the facts in the incident report, Defendants contend that the force was applied in a good faith effort to maintain or restore discipline, and not for the purpose of causing harm. See Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015) ("[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable."). Similarly, as to the qualified immunity defense, Defendants contend that they "used reasonable force to deescalate an increasingly violent situation, instigated by Plaintiff himself," and the force used was "justified in the situation." (Defs.'s Mem. [Doc. #12] at 14.) In response, Plaintiff requests discovery, specifically video recordings of the incident, including the area in and around "Q Block cell # 8" on January 7, 2022, from 11:15 am to 2:00 pm, as well as information from his medical evaluations, including a photograph taken by a nurse following the incident [Doc. #18]. Plaintiff also filed a document captioned as "Plaintiff's Motion of

2

Summary Judgement and in Lieu of filing an Answer to Defendant's Motion to Dismiss" [Doc. #19].[1]

Notably, Defendants oppose the limited discovery requested by Plaintiff and contend that the Motion to Dismiss should be considered without discovery. However, as noted above, Defendants do not rely on the allegations in the Complaint and instead rely on the Declaration and a facility incident report that consists of Defendant Dickerson's and Defendant Phillip's summary of the incident. These documents were not attached to or referenced in the Complaint, and an incident report from the facility is not a public record that is properly considered on a Motion to Dismiss, particularly in a case such as this where it is a document reflecting the officers' view of events offered to contradict the allegations in the Complaint. See Goins v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166-69 (4th Cir. 2016) (holding that "the Incident Report arguably is not integral to the complaint and therefore should not have been considered by the district court," and even if treated as having been attached to the complaint, the plaintiff "did not adopt the Incident Report as true simply by relying on the Report for some of the facts alleged in his complaint," so the "district court instead should have treated the Report as what it was—a document prepared by [an officer] representing the Officers' view of events, not a document representing the true facts," and "[w]hen the statements in the Incident Report are treated not as true, but as assertions made

---

[1] Defendants contend that the Motion to Dismiss should be treated as unopposed because none of the documents subsequently filed by Plaintiff is specifically styled as a Response and because they were not filed until a week after the Response was due. However, the Court has allowed longer extensions for Defendants and would equitably allow the extension of time. Moreover, even if no response were filed and the Motion to Dismiss were unopposed, the Motion to Dismiss must still be considered on the merits. Cates v. Sandoval, No. 1:20cv200, 2020 WL 5665537, at *6 (M.D.N.C. Sept. 23, 2020).

by the Officers, we have little difficulty in concluding that [plaintiff's] claims against the Officers should not have been dismissed").[2]

The Court could convert the Motion to Dismiss into a Motion for Summary Judgment, and allow the limited discovery requested by Plaintiff, but given Defendants' position opposing that request, the Court will recommend that the Motion to Dismiss be denied as to the claims against Defendants Dickerson and Phillip, without prejudice to further consideration of these arguments and documents on a future Motion for Summary Judgment.[3] With respect to Plaintiff's filing that is styled as a Motion for Summary Judgment, that request should be denied as premature, but may be re-filed after a short period for discovery. Plaintiff's Motion to Compel will be denied, but the Court will enter a Standard Track discovery order, with discovery closing April 19, 2024, and Defendants should treat the requests in Plaintiff's Motion to Compel as discovery requests. Defendants' Motion for Extension of Time to respond to Plaintiff's Motion for Summary Judgment [Doc. #23] is moot.

Plaintiff has also filed a Motion for Appointment of Counsel. However, there is no right to appointment of counsel in a civil case, and here Plaintiff has set out the basis for his claims and does not lack the capacity to present those claims. In addition, the Court has

---

[2] Defendants also rely on cases that were considered on a motion for summary judgment or after trial, not a motion to dismiss. See, e.g., Whitley v. Albers, 475 U.S. 312 (1986); Estate of Armstrong v. Village of Pinehurst, 810 F.3d 892 (4th Cir. 2016); Scarbro v. New Hanover County, 374 F. App'x 366 (4th Cir. 2010); Grayson v. Peed, 195 F.3d 692 (4th Cir. 1999); Dobbs v. Townsend, 416 F. Supp. 3d 441 (D. Md. 2019).

[3] Defendants also seek dismissal of any claims asserted against them in their official capacities. However, Plaintiff has not purported to bring any official capacity claims, and Plaintiff has not alleged a basis for a pattern and practice Monell claim. Therefore, the Court interprets the Complaint as only asserting claims against Defendants Dickerson and Phillip in their individual capacities.

4

Case 1:23-cv-00730-TDS-JEP    Document 24    Filed 12/20/23    Page 4 of 5

considered the claims presented and concludes that this case does not present the type of "exceptional circumstances" that would warrant appointment of counsel. In the circumstances, the Court concludes that there is no basis to appoint counsel in this matter at this time. If a hearing is necessary or the need for appointment of counsel becomes apparent later in the case, the Court will consider appointment of counsel at that time.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel [Doc. #17] and Motion to Compel [Doc. #18] are denied, and Defendants' Motion for Extension of Time [Doc. #23] is denied as moot in light of the Court's Recommendation.

IT IS FURTHER ORDERED that this case is placed on a Standard Track for discovery, with discovery closing on April 19, 2024, and Defendants should treat Plaintiff's Motion to Compel [Doc. #18] as discovery requests.

IT IS RECOMMENDED that Defendants' Motion to Dismiss [Doc. #11] be denied because it relies on evidence outside the pleadings, but without prejudice to further consideration on a future Motion for Summary Judgment; and that Plaintiff's Motion for Summary Judgment [Doc. #19] be denied as premature without prejudice to further consideration on a future Motion after the close of the discovery period.

This the 20th day of December, 2023.

/s/ Joi Elizabeth Peake
United States Magistrate Judge